IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **NEOPART, a division of NEOPLAN USA CORP.,** : <br> 5051 Horseshoe Pike, : <br> Honey Brook, Pennsylvania 19344 : <br> : <br> v. : <br> : <br> **SKYLINER TRAVEL & TOUR BUS CORP.** : <br> P.O. Box 592 : <br> RD 3 : <br> Rte 322 : <br> Honey Brook, Pennsylvania 19344 : | **CIVIL ACTION** <br><br> **No.** |

## COMPLAINT

Plaintiff, NEOPART, a division of NEOPLAN USA CORPORATION ("NEOPART"), hereby alleges as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff, NEOPART, is an unincorporated division of NEOPLAN USA CORPORATION, a Colorado corporation with its principal place of business in Colorado at 700 Gottlob Auwaerter Drive, Lamar, Colorado 81052. NEOPART has its offices at 5051 Horseshoe Pike, Honey Brook Pennsylvania 19344.

2. Defendant, Skyliner Travel & Tour Bus Corporation ("Skyliner"), is a Pennsylvania corporation with a place of business at P.O. Box 592, R.D. 3 Rte. 322, Honey Brook Pennsylvania 19344. Skyliner's principal place of business is at 52-15 11th St #209, Long Island City, NY 11101.

DSB:846253.1/NEO002-159435

3. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332 because the parties are citizens of different states, plaintiff is a citizen of Colorado and defendant is a citizen of Pennsylvania and New York, and the amount in controversy is greater than $75,000, exclusive of interest and costs.

4. This Court has personal jurisdiction over defendant Skyliner, as Skyliner is a citizen of Pennsylvania.

5. Venue is proper in this judicial district under 28 U.S.C. § 1391(a), as the Eastern District of Pennsylvania is a judicial district in which the defendant, Skyliner, resides.

## BACKGROUND AND OPERATIVE FACTS

6. Plaintiff NEOPART is a distributor and seller of parts and equipment for transit and tour busses and motor coaches.

7. Defendant Skyliner is an owner and operator of tour busses.

8. Between 1996 and October 2001, defendant Skyliner agreed to purchase and purchased numerous items of bus parts and equipment for plaintiff NEOPART.

9. In all of its contracts to purchase parts and equipment from plaintiff NEOPART, defendant Skyliner agreed to pay interest of 1½% per month on all amounts not paid within 30 days after invoice.

10. Despite demand, defendant Skyliner has failed to pay plaintiff NEOPART for parts and equipment which it purchased from plaintiff NEOPART and which plaintiff NEOPART delivered to defendant Skyliner.

11. As of December 1999, defendant Skyliner owed plaintiff NEOPART $91,448.52 for parts and equipment for which it had not paid.

12. Because defendant Skyliner disputed that it owed NEOPART that amount, plaintiff NEOPART and defendant Skyliner met on or about December 13, 1999 and agreed to a

full settlement of all NEOPART's claims against Skyliner for Skyliner's purchases from NEOPART prior to December 14, 1999, which also settled all of Skyliner's defenses and warranty claims against NEOPART and NEOPLAN USA CORPORATION with respect to those purchases.

13. Under this settlement, Skyliner agreed to pay plaintiff NEOPART $70,000 on the following schedule:

| | |
|---|---|
| January 2000 | $5000 |
| February 2000 | $5000 |
| March 2000 | $5000 |
| April 2000 | $13,750 |
| May 2000 | $13,750 |
| June 2000 | $13,750 |
| July 2000 | $13,750 |

14. Defendant Skyliner did not comply with the settlement and pay the amounts due when they were due, nor did it even pay the full amount of the settlement.

15. Between January 2000 and July 2000, defendant Skyliner made payments to NEOPART of only $25,000 under the settlement. Between August 2000 and May 2001, defendant Skyliner paid $29,5000 under the settlement. Defendant Skyliner, however, has failed to make any further payments and despite demand has failed to pay plaintiff NEOPART the remaining $15,250 which it owes under the settlement.

16. In addition, following the December 1999 settlement, defendant Skyliner purchased additional parts and equipment from plaintiff NEOPART.

17. Between January 5, 2000 and October 23, 2001, defendant Skyliner agreed to purchase and purchased parts equipment from plaintiff NEOPART for a total price of $77,454.01.

18. Plaintiff NEOPART delivered those parts and equipment items purchased by defendant Skyliner to defendant Skyliner.

19. Despite demand, defendant Skyliner has failed to pay plaintiff NEOPART any portion of the $77,454.01 which it owes NEOPART for these parts and equipment items.

## COUNT I -- BREACH OF CONTRACT

20. Plaintiff NEOPART incorporates herein by reference the allegations of paragraphs 1-19 of this Complaint as though set forth in full in this paragraph.

21. Defendant Skyliner breached its December 1999 settlement agreement with NEOPART by failing to pay the full $70,000 it agreed to pay under the settlement agreement.

22. In addition to the $15,250.00 defendant Skyliner still owes NEOPART under the settlement agreement, defendant Skyliner also owes NEOPART at least $8,111 in interest on the unpaid amounts as of June 2002.

WHEREFORE, plaintiff NEOPART, a divisional NEOPLAN USA CORPORATION, demands judgment against defendant Skyliner Travel & Tour Bus Corp. in an amount in excess of $23,361 together with its costs, attorneys' fees and such other relief as may be appropriate.

## COUNT II -- BREACH OF CONTRACT

23. Plaintiff NEOPART incorporates herein by reference the allegations of paragraphs 1-22 of this Complaint as though set forth in full in this paragraph.

24. Defendant Skyliner has breached its post-December 1999 contracts to purchase parts and equipment from NEOPART by failing to pay for the $77,454.01 of parts and

equipment it purchased from plaintiff NEOPART between January 5, 2000 and October 23, 2001.

25. In addition to the $77,454.01 which defendant Skyliner owes NEOPART for these purchases, defendant Skyliner also owes plaintiff NEOPART at least $13,440 in interest on these unpaid purchases as of June 2002.

WHEREFORE, plaintiff NEOPART, a division of NEOPLAN USA CORPORATION, demands judgment against defendant Skyliner Travel & Tour Bus Corp. in an amount in excess of $90,894, together with its costs, attorneys' fees and such other relief as may be appropriate.

 

_____
Joseph C. Crawford
Virginia Lynn Hogben
Attorney I.D. Nos. 30844, 32378
WOLF, BLOCK, SCHORR and SOLIS-COHEN LLP
1650 Arch Street - 22nd Floor
Philadelphia, PA 19103-2097
(215) 977-2000
Attorneys for Plaintiff, NEOPART, a division of NEOPLAN USA Corporation