IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NEOPART, a division of NEOPLAN USA CORP.,** | : | |
| **Plaintiff** | : | |
| | : | |
| v. | : | CIVIL ACTION |
| | : | |
| | : | No. 02-CV-4862 |
| | : | |
| **SKYLINER TRAVEL & TOUR BUS CORP.,** | : | |
| | : | |
| **Defendant** | : | |

### PLAINTIFF'S REPLY TO DEFENDANT'S COUNTERCLAIM

Plaintiff hereby replies to the Counterclaim of Defendant Skyliner Travel & Tour Bus Corp. ("Skyliner") as follows:

### FIRST DEFENSE

1. It is admitted only that Skyliner purchased equipment and parts from NEOPART in 2001, that Skyliner owns NEOPLAN buses and that Skyliner had purchased NEOPLAN buses from third party distributors in the 1990s. It is denied that Skyliner purchased any buses from NEOPLAN USA Corporation in 2001 or 2002.

2. It is admitted only that in or about early 2002, Peter Kim of Skyliner had communications with NEOPLAN USA Corporation concerning Skyliner's possible purchase of two new 2000 NEOPLAN Cityliner buses and five new 2002 NEOPLAN Cityliner buses and the trade-in of one 1991 NEOPLAN Cityliner bus and six 1992 NEOPLAN Cityliner buses as a credit for a portion of such purchase price. All other allegations of this paragraph are denied.

3. Each and every allegation of this paragraph is denied. It is denied that NEOPLAN and Skyliner entered into any agreement concerning this proposed purchase and

trade-in.  Rather, NEOPLAN made an offer in writing on February 5, 2002 and Skyliner did not agree to those terms and proposed different and additional terms to which NEOPLAN did not agree.  On February 26, 2002, because Skyliner did not agree to NEOPLAN'S offer, NEOPLAN withdrew its prior offer and offered only to sell five 2002 buses without trade-in, which offer Skyliner also did not accept.

    4.    Each and every allegation of this paragraph is denied.  Not only did NEOPLAN and Skyliner not enter into any agreement, but NEOPLAN expressly conditioned any discussions, offer and possible agreement upon Skyliner paying all of its NEOPART bills, stating in writing that "[t]his entire offer is contingent upon Skyliner bringing its Neopart bills to a current status."

    5.    Each and every allegation of this paragraph is denied.

    6.    It is admitted only that NEOPLAN USA Corporation and NEOPART did not credit Skyliner's account and did not accept a trade-in of Plaza buses because they never had any agreement or contract with Skyliner for any such credit or trade-in.  Each and every other allegation of this paragraph is denied.

    7.    Plaintiff incorporates herein by reference its answers to paragraphs 1 through 6 of defendant's counterclaim.

    8.    Each and every allegation of this paragraph is denied.

    9.    Each and every allegation of this paragraph is denied.

WHEREFORE, plaintiff demands judgment in its favor on defendant's Counterclaim, dismissing defendant's Counterclaim with prejudice, and plaintiff requests that it be awarded its costs and attorneys' fees.

## SECOND DEFENSE

10. Defendant's Counterclaim fails to state any cause of action against plaintiff upon which relief can be granted.

## THIRD DEFENSE

11. There was no contract or agreement between Skyliner and NEOPLAN USA Corporation.

## FOURTH DEFENSE

12. Skyliner did not accept any offer which NEOPLAN made concerning the purchase of buses and the possible trade-in of the buses in question.

## FIFTH DEFENSE

13. The allegation in Skyliner's Answer and Counterclaim that there was an alleged agreement is in violation of Fed. R. Civ. P.11, as, in light of documents in Skyliner's possession, it is clearly without factual or evidentiary basis, is frivolous and is presented to cause needless delay and increased cost in resolving this litigation.

## SIXTH DEFENSE

14. The allegation in Skyliner's Answer and Counterclaim that NEOPLAN allegedly agreed to credit Skyliner's NEOPART account is in violation of Fed. R. Civ. P. 11, as, in light of documents in Skyliner's possession, it is clearly without factual or evidentiary basis, is frivolous and is presented to cause needless delay and increased cost in resolving this litigation.

## SEVENTH DEFENSE

15. Skyliner could not have any cause of action for breach of contract as it failed to perform conditions precedent under the purported agreement it alleges.

**EIGHTH DEFENSE**

16. The alleged agreement described in defendant's Counterclaim cannot be an enforceable contract because there is no consideration.

**NINTH DEFENSE**

17. Skyliner could not have any cause of action for breach of contract because it never performed under the alleged agreement.

**TENTH DEFENSE**

18. Skyliner's Counterclaim is barred by the Statute of Frauds.

**ELEVENTH DEFENSE**

19. Skyliner suffered no damages from any alleged breach of contract.

WHEREFORE, plaintiff demands judgment in its favor on defendant's Counterclaim, dismissing defendant's Counterclaim with prejudice, and plaintiff requests that it be awarded its costs and attorneys' fees.

_____
Joseph C. Crawford
Virginia Lynn Hogben
Attorney I.D. Nos. 30844, 32378
Wolf, Block, Schorr and Solis-Cohen LLP
1650 Arch Street, 22nd Floor
Philadelphia, PA  19103

Attorneys for Plaintiff

Dated:  October 2, 2002

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing Plaintiff's Reply To Defendant's Counterclaim has been served on October 2, 2002, via U.S. first class mail, postage prepaid upon the following:

> Theodore M. Schaer, Esquire
> Attorney I.D. No. 49581
> Zarwin, Baum Devito, Karlan,
>   O'Donnell & Schaer, P.C.
> 1515 Market Street, Suite 1200
> Philadelphia, PA  19102-1981
>
> Attorneys for Defendant Counterclaim-Plaintiff
> Skyliner Travel & Tour Bus Corp.

> _____
> Virginia Lynn Hogben
> Attorney I.D. No. 32378
> WOLF, BLOCK, SCHORR and SOLIS-COHEN LLP
> 1650 Arch Street - 22nd Floor
> Philadelphia, PA 19103-2097
> (215) 977-2000
> Attorney for Plaintiff

Dated:  October 2, 2002